UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREN W. W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:16-CV-05946-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S OVERPAYMENT DECISION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's decisions regarding Plaintiff's overpayment of disability insurance benefits ("DIB") and request for waiver of overpayment. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes Defendant's calculations regarding Plaintiff's overpayment of DIB are not supported by substantial evidence in the record. Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

In a decision dated June 27, 2008, Administrative Law Judge ("ALJ") Cheri L. Filion issued a decision finding Plaintiff disabled as of December 28, 2003. AR 12-20. The Social Security Administration ("Administration") paid Plaintiff a lump sum in retroactive benefits and began paying him benefits on a monthly basis. *See* AR 717-22 ("Notice of Award" letter). The State of Washington Department of Labor & Industries was paying Plaintiff workers' compensation benefits on a weekly basis. *See* AR 566-67. On April 17, 2012, the Administration notified Plaintiff that he was overpaid in benefits in the amount of $17,428.00 for the period of June 2004 through March 2012 because of workers' compensation benefits he received. AR 566; *see also* AR 589. Through the administrative appeals process, Plaintiff requested reconsideration and waiver of overpayment recovery, both of which were denied. AR 566.

On October 23, 2013, ALJ Rebekah Ross held a hearing on Plaintiff's overpayment. AR 529-60. In a decision dated April 24, 2014, the ALJ[1] determined Plaintiff was overpaid $13,516.10 in benefits during the period from June 1, 2004 through August 1, 2008. AR 566; *see also* AR 8-11. The ALJ found Plaintiff not at fault in causing the overpayment, but determined overpayment could not be waived because repayment would not defeat the purpose of Title II of the Social Security Act ("Act") or be against equity or good conscience. AR 566; *see also* AR 8-11.

The Appeals Council granted Plaintiff's request for review of the ALJ's decision. AR 576. On September 30, 2016, the Appeals Council issued a decision finding Plaintiff was overpaid benefits in the amount of $17,405.70 during the period of June 2004 through August 2008. AR 563-69. In addition, the Appeals Council affirmed the ALJ's findings that Plaintiff was not at fault in causing the overpayment, but overpayment could not be waived. AR 568-69. Because the

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Rebekah Ross and her April 24, 2014 decision.

Appeals Council granted review, the Appeals Council's decision is the final decision of the Commissioner. *See* AR 569; 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Plaintiff now appeals the Appeals Council's decision.[2] Dkts. 1, 25.

In Plaintiff's Opening Brief, Plaintiff maintains the Appeals Council erred by: (1) improperly calculating the amount of Plaintiff's overpayment;[3] and (2) denying Plaintiff's request for waiver of the overpayment. Dkt. 29. As a result of these alleged errors, Plaintiff requests the Court reduce the amount of, and/or waive, the overpayment. *Id.* at 2, 9, 10-11, 13-14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's findings about a claimant's overpayment of benefits if the findings are not supported by substantial evidence. *See McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000) (citations omitted).

## DISCUSSION

### I.  Whether the Appeals Council's findings underlying the calculation of Plaintiff's overpayment are supported by substantial evidence.

Plaintiff argues the Appeals Council improperly calculated the amount of his DIB overpayment, and requests the Court reduce the amount of, and/or waive, any overpayment. Dkt. 29, pp. 4-11, 13-14.

---

[2] On April 27, 2017, the Court granted Defendant's Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g), and retained jurisdiction over the case, because the hearing transcript could not be located Dkts. 14, 15. On June 1, 2018, the parties filed a Stipulated Motion to Reopen Case because the transcript had been located. Dkt. 16. The Court granted the Stipulated Motion to Reopen Case and set a briefing schedule for the merits of the case. Dkts. 17, 20, 26. The case became ready for the Court's consideration on November 13, 2018. Dkt. 26.

[3] In subject headings in the Opening Brief, Plaintiff asserts the Appeals Council erred by "affirming the *existence*" of his overpayment. Dkt. 29, pp. 2, 4 (emphasis added). However, the substance of Plaintiff's arguments allege error with respect to the Appeals Council's calculations rather than the existence of any overpayment. *See id.* at 6-11. Accordingly, the Court does not consider whether the Appeals Council improperly affirmed the existence of Plaintiff's overpayment. *See Carmickle v. Commissioner of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

1    If a claimant who is entitled to DIB is "concurrently entitled to a periodic benefit," such as

2    workers' compensation benefits from a state, the Commissioner reduces the amount of DIB the

3    claimant receives. 20 C.F.R. § 404.408(a). But if a claimant receives DIB in excess of the correct

4    amount, the Commissioner may seek recovery of an overpayment in benefits from the claimant.

5    *See* 42 U.S.C. § 404(a). "[T]he Commissioner bears the burden of proving the fact and amount of

6    overpayment." *McCarthy*, 221 F.3d at 1124. To meet this burden, the Commissioner must

7    establish: (1) the claimant received benefits during the period of alleged overpayment; (2) the

8    benefits were in excess of the amount to which the claimant was entitled; and (3) the overpayment

9    was in the amount the Commissioner claims. *Id.* at 1124-25. When a claimant challenges the

10   Commissioner's determinations regarding an overpayment, the Court must determine whether the

11   Commissioner's findings are supported by substantial evidence. *Id.* Further, "the Commissioner

12   must present reliable evidence of the particular overpayments" so the Court may determine

13   whether the amount of the alleged overpayment is supported by substantial evidence. *Id.* at 1126.

14        As an initial matter, the Court notes Plaintiff challenges various determinations from the

15   Administration concerning Plaintiff's overpayment calculations. *See, e.g.*, Dkt. 29, pp. 6-8. For

16   example, Plaintiff maintains the first letter he received from the Administration informing him of

17   the overpayment erroneously included a workers' compensation lump sum award in its

18   calculations. *Id.* at 9-11. Plaintiff also alleges error with respect to the ALJ's findings. *Id.* at 4, 9,

19   11. However, the Act provides for judicial review of "any *final* decision of the Commissioner[.]"

20   42 U.S.C. 405(g) (emphasis added). Here, the Appeals Council's September 30, 2016 decision is

21   the final decision of the Commissioner. *See id.*; AR 566-69; *see also Sims*, 530 U.S. at 106-07. The

22   Appeals Council's decision expressly states it did not consider Plaintiff's workers' compensation

23   lump sum award in its calculations. AR 568. As such, the Court does not review Plaintiff's

24

argument related to the workers' compensation lump sum award, nor does the Court review any of the ALJ's findings, as these arguments are not based on the final decision from the Commissioner. *See Sims*, 530 U.S. at 106-07 ("[Administration] regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision" which is subject to judicial review.).

In its September 30, 2016 decision regarding Plaintiff's overpayment, the Appeals Council incorporated a table from Administrative Record Exhibit 9 of Plaintiff's weekly workers' compensation payments. AR 567. Thereafter, the Appeals Council stated:

> In the claimant's case, the statutory monetary limit that his benefits exceeded was equal to eighty (80%) percent of his average current earnings, which was $3,345.60 (of $4,182.00) from June 2004 through December 2006 and $3,628.80 (of $4,536.00) beginning January 2007 (20 CFR 404.408(c)(1-3)). Based on the reported periodic payments received for workers' compensation, the claimant's earnings, and disability insurance benefits payments, his offset monthly amounts were properly calculated as listed in exhibits 9 and 34. . . .
>
> Accordingly, the claimant should have received $22,429.10 (Exhibit 34). However, the claimant received a retroactive Title II benefits payment of $34,534.80, not $35,945.20 as noted in the [ALJ's] decision, in August 2008 (Hearing Decision, page 3; Exhibit 36). The Administration also directly paid the claimant's representative $5,300.00, which is part of the total retroactive Title II benefits paid to the claimant (POMS GN 02610.053). Therefore, the total amount the claimant received in Title II retroactive benefits was $39,834.80. Based on the amount the claimant was paid in retroactive benefits less the amount he should have been paid, the difference is $17,405.70 and not $13,516.10 as found by the [ALJ] in the hearing decision.

AR 568.

Relying on calculations Administrative Record Exhibits 9 and 34, the Appeals Council determined Plaintiff was overpaid benefits in the amount of $17,405.70. AR 568. However, there are several gaps and ambiguities in the Appeals Council's analysis. First, the Appeals Council failed to explain how it determined Plaintiff's statutory monetary limits were $4,182.00 from June 2004 through December 2006, and $4,536.00 beginning January 2007. *See* AR 568. The Appeals

Council also did not cite anything in the record to support these findings. *See* AR 568. Thus, the Court cannot determine the Appeals Council's findings on Plaintiff's statutory monetary limits are supported by substantial evidence. *See McCarthy*, 221 F.3d at 1126 (finding the Administration did not support its overpayment determination with substantial evidence where the Administration stated, without support, its calculations).

Second, the Appeals Council's findings about the amount of workers' compensation benefits Plaintiff received on a weekly basis are not supported by substantial evidence. In its decision, the Appeals Council cited and relied on findings from Exhibit 9, which contains a table of the amount of workers' compensation benefits Plaintiff purportedly received on a weekly basis. *See* AR 567-68, 609. The Appeals Council stated the findings were based on a "report from the State of Washington Department of Labor & Industries." AR 567. But neither the Appeals Council's decision nor Exhibit 9 itself cite the location of the report in the administrative record. *See* AR 567-68, 609. Further, although Defendant's Response brief cites reports from this state agency, "[l]ong-standing principles of administrative law require us to review the [Administration's] decision based on the reasoning and actual findings offered by the [Administration] – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citations omitted). Given the lack of clear support from the record, the Appeals Council's findings about the amounts of workers' compensation benefits Plaintiff received on a weekly basis are not supported by substantial evidence. *See McCarthy*, 221 F.3d at 1126 ("The Commissioner's unsubstantiated belief that particular payments were made is not enough.").

Third, the Appeals Council's calculations regarding the amount of workers' compensation benefits Plaintiff received on a monthly basis are deficient. In addition to relying on Exhibit 9 for

its calculations, the Appeals Council relied on Exhibit 34. AR 567-68. Exhibit 34 provides a table of the amount of workers' compensation benefits Plaintiff supposedly received on a monthly basis, the amount of DIB he received on a monthly basis, and the difference between those amounts. AR 568, 735. The Appeals Council's decision states the monthly workers' compensation benefits found in Exhibit 34 were based on the weekly payments from Exhibit 9. *See* AR 568. Yet the Appeals Council failed to explain how it converted the weekly workers' compensation benefits from Exhibit 9 into the monthly workers' compensation benefits found in Exhibit 34. *See* AR 568. The exhibits themselves also do not provide such calculations. *See* AR 608-10, 735. Moreover, the Court's own calculations could not duplicate the same week-to-month benefit calculations as provided by the Appeals Council.[4]

Because the Appeals Council expressly relied upon these calculations to determine Plaintiff's overpayment amount, yet failed to explain how it converted Plaintiff's weekly workers' compensation benefits into monthly amounts, the Court cannot find substantial evidence supports the Appeals Council's calculations. *See Perreault v. Colvin*, 2016 WL 1411339, at *3 (D. Mass. April 8, 2016) (finding the Administration did not meet its burden in proving the amount of overpayment because there was "little discussion of the overpayment calculation"); *Bousquet v. Astrue*, 2008 WL 876336, at *6 (M.D. Fla. Mar. 27, 2008) ("The Court finds there is not substantial evidence in the administrative record to support the ALJ's decision. Indeed, there is no evidence in the file of how the overpayment was calculated or when it occurred.").

---

[4] Although the Appeals Council's own decision must be supported by substantial evidence, the Court attempted to duplicate the Appeals Council's calculations by multiplying Plaintiff's weekly workers' compensation benefits by multipliers of 4 and 4.2 (as suggested by Plaintiff). The Court further conducted calculations using 52-weeks-per-year and 365-days-per-year as multipliers. But none of the Court's calculations resulted in the same calculations as the Appeals Council.

1         Fourth, the Appeals Council's analysis suggests its calculations may have counted the
$5,300.00 paid to Plaintiff's representative twice. The Appeals Council determined Plaintiff was
paid a total of $39,834.80 in retroactive DIB benefits. AR 568. The Appeals Council noted this
total consisted of Plaintiff's retroactive lump sum award of $34,534.80 *and* the $5,300.00 payment
paid to Plaintiff's representative. AR 568. However, the Appeals Council wrote that the payment to
Plaintiff's representative was "*part* of the total" retroactive lump sum award paid to Plaintiff. AR
568 (emphasis added). This language suggests Plaintiff's retroactive lump sum award of
$34,534.80 may have accounted for the $5,300.00 paid to Plaintiff's representative. Due to the
ambiguity with respect to whether the retroactive lump sum award included the $5,300.00 paid to
Plaintiff's representative, these findings from the Appeals Council are not supported by substantial
evidence. *See Moore v. Berryhill*, 2017 WL 4260798, at *4-5 (E.D. Mo. Sept. 26, 2017)
(substantial evidence did not support the Administration's overpayment findings because of
"deficiencies in the [Administration's] mathematics as well as in the explanation provided to
Plaintiff" regarding the overpayment calculations).

        Lastly, the Appeals Council's decision is ambiguous as to the amount of DIB Plaintiff
received during the relevant period. Exhibit 34 indicates Plaintiff received $80,439.60 during the
relevant period. AR 735. But the Appeals Council's decision states Plaintiff received $39,838.80
during the relevant period. AR 568. The Appeals Council's decision fails to explain why the DIB
amount from Exhibit 34, which it repeatedly relies upon, differs from the DIB amount it found
Plaintiff received. AR 568. Hence, this finding from the Appeals Council lacks support from
substantial evidence.

For the above stated reasons, the Court finds the Appeals Council's decision regarding Plaintiff's overpayment is not supposed by substantial evidence. Accordingly, the Appeals Council erred.

Plaintiff requests that, as the appropriate remedy, the Court reduce the amount of any overpayment. Dkt. 29, pp. 2, 9, 10-11, 13-14. Nonetheless, as stated above, the record contains several gaps and ambiguities with respect to the overpayment calculations. As such, the Court finds the appropriate remedy is to remand this matter for the Commissioner to review and complete new calculations as necessary on the overpayment. The Commissioner shall, on remand, provide explanations as to the overpayment and methodology that is supported by substantial evidence and reconciles the issues set forth in this Order.

**II.     Whether the Appeals Council properly denied Plaintiff's request for waiver of overpayment.**

Next, Plaintiff contends the Appeals Council erred by denying his request for waiver of overpayment. Dkt. 29, pp. 11-13.

The Act provides the Commissioner shall waive adjustment or recovery of an overpayment – thereby relinquishing the claimant's obligation to repay – if the claimant is "without fault" and recovery would either (a) defeat the purpose of the Act, or (b) be against equity and good conscience. 42 U.S. § 404(b); 20 C.F.R. § 404.506(a). Adjustment or recovery would defeat the purpose of the Act in "situations where the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." 20 C.F.R. § 404.508(b). Recovery is against equity and good conscience if the claimant, in relevant part, changed his position for the worse or relinquished a valuable right "because of reliance upon a notice that a payment would be made or because of the overpayment itself." 20 C.F.R. § 404.509(a). The Court, in reviewing the Commissioner's denial

| | |
|---|---|
| 1 | of a waiver request, must determine whether the proper legal standard was applied and if denial is |
| 2 | supported by substantial evidence. *Albalos v. Sullivan*, 907 F.2d 871, 873 (9th Cir. 1990) (citing 42 |
| 3 | U.S.C § 405(g); *Harrison v. Heckler*, 746 F.2d 480, 481 (9th Cir. 1984)). |
| 4 | In this case, the Appeals Council affirmed the ALJ's finding that Plaintiff was not at fault |
| 5 | in causing the overpayment. AR 568. The Appeals Council further affirmed the ALJ's finding that |
| 6 | "recovery of overpayment would neither defeat the purpose of Title II of the Act nor be against |
| 7 | equity and good conscience." AR 568. The Appeals Council reasoned: |

> Although the claimant [sic] representative contends that the waiver should be granted because the claimant has an undue hardship and is in danger of losing his home, the Appeals Council notes that as stated in the hearing decision and the claimant's financial statement signed October 13, 2013, the claimant's household income exceeded his household expenses.

AR 568 (citations omitted). Thus, the Appeals Council affirmed the ALJ's findings on Plaintiff's request for waiver and found Plaintiff liable for the repayment of $17,405.70 in overpaid benefits. AR 568.

The ALJ held the hearing on Plaintiff overpayments and took testimony relevant to Plaintiff's request for waiver in October 2013 – more than five years ago. AR 530-61. Likewise, Plaintiff submitted the most recent financial statements to the Administration in October 2013. *See* AR 689-97. The record therefore does not reflect whether Plaintiff "needs substantially all of his *current* income (including social security monthly benefits) to meet current ordinary and necessary living expenses." *See* 20 C.F.R. § 404.508(b) (emphasis added). In particular, Plaintiff testified at the hearing that he was delinquent on multiple utility charges and facing foreclosure proceedings on his home. AR 556-59. The record does not reflect the present status of Plaintiff's debt or foreclosure. The record also does not reflect the current state of Plaintiff's income and expenses in general.

Because the Court has determined the Appeals Council erred with respect to the overpayment calculations, and because it is unclear whether adjustment or recovery would currently defeat the purpose of the Act or be against equity and good conscience, the Court declines to consider whether the Appeals Council erred in its waiver findings. Instead, if the Commissioner determines on remand that some overpayment is established by substantial evidence, the Commissioner shall collect the necessary financial documentation from Plaintiff, conduct a de novo hearing, and reassess Plaintiff's entitlement to a waiver in full.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the Appeals Council improperly concluded Plaintiff was overpaid $17,405.70 in DIB. Accordingly, Defendant's decision on Plaintiff's overpayment is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 3rd day of December, 2018.

_____
David W. Christel
United States Magistrate Judge